IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:18CR158**

**MERVIN JERMAINE TURNER,**

Petitioner.

## MEMORANDUM OPINION

Mervin Jermaine Turner, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 28). The Government has filed a Response in Opposition asserting that the § 2255 Motion is barred by the statute of limitations. (ECF No. 31.) Turner did not file a reply. For the reasons set forth below, the § 2255 Motion will be DENIED.

### I. PROCEDURAL HISTORY

On March 7, 2019, Turner pled guilty to one count of possession with the intent to distribute 100 grams or more of heroin (Count Two). (ECF No. 16, at 1.) On June 11, 2019, the Court entered judgment and sentenced Turner to 180 months of imprisonment. (ECF No. 25, at 1–2.) Turner filed no appeal. On November 17, 2020, Turner filed the instant § 2255 Motion. (ECF No. 28, at 11.)[1]

---

[1] This is the date that Turner indicates that he placed his § 2255 Motion in the prison mailing system. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court employs the pagination assigned by the CM/ECF docketing system for citations to the record. The Court corrects the capitalization, spelling, and punctuation in the quotations from Turner's submissions.

In his § 2255 Motion, Turner contends that, the "District Court err[ed]" when it "enhance[d him as a] career offender." (*Id.* at 4.) In Response, the Government argues that Turner's § 2255 Motion is untimely and lacks merit.[2]

## II. STATUTE OF LIMITATIONS ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> **(1)** the date on which the judgment of conviction becomes final;
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Turner did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Tuesday, June 25, 2019, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P.

---

[2] The Government's response is exceedingly terse and fails to address all of Turner's arguments including his suggestion that his § 2255 Motion should be deemed timely under equitable tolling and that Virginia robbery no longer qualifies as crime of violence for career offender status. Nevertheless, because Turner's argument for timeliness and his underlying claim clearly lack merit, the Court disposes of the § 2255 Motion without requiring a further response from the Government.

2

4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Turner had until Thursday, June 25, 2020 to file any motion under 28 U.S.C. § 2255. Because Turner did not file his § 2255 Motion until November 17, 2020, nearly five months after that date, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Turner demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

In his Memorandum in Support, Turner argues that his § 2255 Motion "should be timely under equitable tolling" because

> On April 3, 2020, the Bureau of Prisons (BOP) had instituted a comprehensive action plan in response to a public health crisis COVID-19 pandemic. Because of the result in the increase of COVID-19 cases throughout the United States, the BOP had implemented a "Stay in Shelter" for 14 days in order to stop the spread.
> Furthermore, this action was extended to July of 2020. In the month of July, the BOP, specifically, this institution where Petitioner is incarcerated, placed inmates in a strict modified movement schedule, allowing inmates to stay on the pod only for several hours. This modified schedule was extended to October 20, 2020. . . .
> With the modified movement schedule in place, the institution closed the law library since the month of April. Because the law library was closed, he could not research, address, and properly prepare to submit his said motion. The continued increase of COVID-19 will also jeopardize his future filings with the district court, as the institution limits the movement.

(ECF No. 29, at 6–7.)

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both

3

elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added).

Turner's conviction became final on June 25, 2019. Therefore, Turner had more than nine months before any COVID-19 restrictions were put into place to visit the law library, conduct research, and file his § 2255 Motion. Turner fails to demonstrate that he pursued his rights during this time, much less that he diligently pursued his rights. *Cf. Hardy v. O'Brien*, No. 3:09CV193-HEH, 2010 WL 724022, *3 (E.D. Va. Mar. 2, 2010) (explaining that a petitioner's "languid pursuit of his claims . . . precludes a finding of diligence" (citing *Pace*, 544 U.S. at 419)).

Turner faults his untimely filing solely on the closure of the law library in April 2020 due to COVID-19. Generally, "'solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.'" *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Although the closure of the law library in April 2020 was certainly inconvenient, standing alone, it was not an extraordinary circumstance, as it did not prevent Turner from filing his § 2255 Motion. *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990); *Fisher*

4

*v. Johnson*, 174 F.3d 710, 716 (5th Cir. 1999)). On the vague facts alleged, Turner fails to demonstrate that the closure of the law library, standing alone, was an extraordinary circumstance.

With respect to the diligence aspect of the analysis, Turner also fails to outline any action, much less any specific action, that he took after April 2020 to attempt to prepare or file his § 2255 Motion. *See Yang*, 525 F.3d at 929–30. The mere fact that the library was closed for inmate visits does not excuse Turner of the requirement that he must diligently pursue his rights. Turner fails to identify any effort on his part to diligently pursue his rights between June 25, 2019, and June 25, 2020, when the limitations expired. *See id.*

"Simply put, [Turner] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Thus, Turner fails to demonstrate entitlement to equitable tolling.[3] Accordingly, the § 2255 Motion (ECF No. 28) will be DENIED.[4]

---

[3] Turner does not demonstrate a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4).

[4] Turner's underlying claim also clearly lacks merit. Turner argues that his prior conviction for felony distribution of heroin under Virginia Code § 18.2-248 was not a controlled substance offense for the purposes of United States Sentencing Guideline ("USSG") § 4B1.1(b)(2) because he only was sentenced to an active term of eleven months, and therefore he was improperly found to be a career offender. (*See* ECF No. 29, at 3–4.) This argument is frivolous. *See United States v. Ward*, 972 F.3d 364, 374 (4th Cir. 2020) (explaining that "convictions under Virginia Code § 18.2-248 categorically qualify under the ordinary meaning of 'controlled substance offense' in § 4B1.2(b)"). Turner also argues that his conviction of robbery under Virginia law no longer qualifies as a crime of violence. The Government failed to address this argument. However, "Virginia robbery is a crime of violence under USSG § 4B1.2(a)'s enumerated offenses clause." *United States v. Parker*, 716 F. App'x 190, 193 (4th Cir. 2018). Thus, Turner's argument is meritless.

### III. CONCLUSION

Turner's § 2255 Motion (ECF No. 28) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 2 September 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

6